UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RONALD SERNA,                                    )
                                                 )
                    Petitioner,                  )
                                                 )
           v.                                    )      No. 1:25-cv-00061-SEB-TAB
                                                 )
DONALD EMERSON,                                  )
                                                 )
                    Respondent.                  )

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Ronald Serna's petition for a writ of habeas corpus challenges his conviction and sanctions in prison disciplinary case IYC 24-05-1683. For the reasons below, his petition is **denied,** and this action is **dismissed with prejudice**.

I.      **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On May 15, 2024, Sergeant Rios and four other correctional staff conducted a security check of F-Unit at Plainfield Correctional Facility due to "an extremely strong smoke odor synonymous with green leafy substance." Dkt. 18-1. Sergeant Rios stopped Mr. Serna as he was exiting the latrine on route to the bed area. *Id.* When Sergeant Rios searched Mr. Serna's shorts, he immediately felt what he recognized as a large plastic bag. *Id.* Sergeant Rios placed Mr. Serna in handcuffs and escorted him out of the unit. *Id.*

Sergeant Rios then conducted a strip search and found a clear plastic bag in a hole in Mr. Serna's pants which contained three suboxone pills, one bag of chemically laced paper (Toonchie), one bag with possible heroin and chemically laced paper, multiple strips of an orange film-like substance stamped with N8 (suboxone), one bag with a brown leafy substance and chemically laced paper, and one bag with a clear, crystal-like rock substance. *Id.* The substances were confiscated, and Mr. Serna was provided a confiscation slip. Dkt. 18-4.

Sergeant Rios completed a conduct report charging Mr. Serna with offense A-100, violation of law, for violating Indiana Code 35-48-4-4.6, possessing a controlled substance. Dkt. 18-1.

On May 20, 2024, a screening officer notified Mr. Serna of the charge and provided him with a copy of the conduct report and notice of disciplinary hearing (screening report). Dkt. 18-7. The officer advised Mr. Serna of his rights and Mr. Serna pleaded not guilty. *Id.* Mr. Serna requested the evidence card and a test of the contraband and requested that Sergeant Rios testify regarding how the contraband was tested. *Id.*

On May 24, 2024, an expert in prison contraband identified the contraband confiscated from Mr. Serna as methamphetamine, suboxone, chemical paper, and tobacco. Dkt. 18-5. He also affirmed that those materials were conclusively used for the purpose of intoxication. *Id.*

The disciplinary hearing officer (DHO) held a disciplinary hearing on May 29, 2024. Dkt. 18-8. Mr. Serna pleaded not guilty and stated, "I wanted it tested. I don't even know what they got. They strip searched 8 people. That's why I wanted camera." *Id.* The DHO reviewed the conduct report, pictures of the evidence, test results, and witness statements and found Mr. Serna guilty. *Id.* Sergeant Rios was unable to attend the hearing due to his other duties, but he provided a signed statement responding to Mr. Serna's question "how is it tested?" with "Taken to OII [Office of Internal Investigations] for testing." Dkt. 18-9.

The DHO's reason for decision was: "Sgt. Rios … conducted a pat search of I/I Serna and felt a large plastic bag inside his black shorts … [p]icture of evidence displays large sum of Narcotics … [t]he test results from investigation confirms that the substances that were found were 2 grams methamphetamine, 3 pills suboxone, 2.5 strips suboxone, ¼ oz tobacco, and chemically treated paper." Dkt. 18-8. The DHO sanctioned Mr. Serna with a deprivation of 180 days of earned credit time and a demotion of one credit class, and other non-grievous sanctions. *Id.*

Mr. Serna's appeals were denied. This habeas action followed.

### III. Discussion

In the Court's Order to Show Cause, Mr. Serna's third claim, alleging a denial of his appeals and violation of prison policy, was dismissed pursuant to Rule 4 of the *Rule Governing Section 2254 Cases in United States District Courts.* Dkt. 6. This leaves for review Mr. Serna's first and second claims raised in his petition: 1) he was denied a witness; and 2) he was denied evidence. Dkt. 1 at 3.

#### A. Denial of Witness

Mr. Serna first argues that his request to have Sergeant Rios testify about how the contraband was tested was denied. Sergeant Rios was not available at the time of the hearing due

to other duties, dkt. 18-11 at 2, but he did provide a signed statement saying that the contraband was taken to the Office of Internal Investigations for testing. Dkt. 18-9.

"Live testimony is the presumption absent a valid reason for proceeding differently," and "[t]he submission of a written [witness] statement is not by itself a valid reason for not" permitting live testimony. *Ashby v. Davis*, 82 F. App'x 467, 471 (7th Cir. 2003). It is the prison official's burden to provide a specific justification on a case-by-case basis for why the inmate's witnesses were not permitted to provide live testimony at the disciplinary hearing. *See Ponte v. Real*, 471 U.S. 491, 499 (1985); *Wilson v. Davis*, 102 F. App'x 37, 38 (7th Cir. 2004). In this case, the facility did not have a blanket policy prohibiting live testimony at disciplinary hearings. Rather, Sergeant Rios was performing other duties at the time of the hearing. The DHO postponed the hearing a few minutes to obtain a written statement from Sergeant Rios. Dkt. 18-11. The statement was responsive to Mr. Serna's question about testing, and Mr. Serna has not identified any additional evidence that the witness could or should have provided. In other words, Mr. Serna suffered no prejudice as a result of Sergeant Rios' inability to testify live. There was no due process error under these circumstances.

### B. Denial of Evidence

Mr. Serna's second claim is that his request to have the contraband tested was denied. Due process affords an inmate in a disciplinary proceeding a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. But due process is not violated unless the inmate is deprived of an opportunity to present material, exculpatory evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011), and it is material if disclosing it

creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). The petitioner has the burden of establishing that the evidence he was denied was material and exculpatory. *Piggie,* 344 F.3d at 678. "Prison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

In this case, an investigator trained to identify controlled substances submitted a report identifying the materials and affirming that the contraband was meant for the purpose of intoxication. Dkt. 18-5. Mr. Serna does not have a due process right to demand the creation of evidence, such as any specific testing. Mr. Serna does not allege that different testing would have shown that the material was not methamphetamine or suboxone, controlled substances. Therefore, he was not denied any material, exculpatory evidence. This claim is denied.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Serna to the relief he seeks. Accordingly, Mr. Serna's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date:      3/30/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

RONALD SERNA
249060
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

John Oosterhoff
Office of Indiana Attorney General
john.oosterhoff@atg.in.gov